**AMADOR STAGE LINES, INC., Petitioner,**

v.

**The UNITED STATES of America and Interstate Commerce Commission, Respondents,**

**and**

**Quality Coach Lines, Inc., Intervening Respondent.**

**No. 81–7491.**

United States Court of Appeals, Ninth Circuit.

Argued and Submitted May 14, 1982.

Decided Aug. 26, 1982.

William D. Taylor, Handler, Baker, Greene & Taylor, San Francisco, Cal., for petitioner.

Edward J. O'Meara, Washington, D. C., for respondents.

Before MERRILL, CHOY and HUG, Circuit Judges.

MERRILL, Circuit Judge:

Amador Stage Lines, Inc. has petitioned for review of a decision of the Interstate Commerce Commission approving a certificate of public convenience and necessity for Quality Coach Lines, Inc. to operate as a

carrier of passengers within the United States. We have concluded that the evidence introduced by Quality to show a public need for such service was insufficient to support the decision. We have further concluded that the record raises questions that should have been explicitly resolved by the Commission but on which the Commission decision is silent.

Quality is a Nevada corporation formed in 1980 as a wholly owned subsidiary of Frontier Enterprises, Inc., a licensed passenger broker doing business amounting to over $5,000,000 annually. Quality applied to the Commission for a certificate of public convenience and necessity to permit it to transport passengers as part of tours arranged by licensed passenger brokers. In support of its application, Quality submitted a statement by Frontier in which Frontier explained that it sought to develop luxury tour packages not heretofore available which would cater to customers more affluent than the usual bus passenger. These tour packages would require specially designed buses providing roomier accommodations and additional amenities for the passengers. These buses Quality agreed to provide.

Amador and other carriers opposed Quality's application and sought an oral hearing on their objections. The request was denied. The Commission instead followed its "modified procedure" which permits consideration of an application on the basis of written statements submitted in support of and in opposition to the operating authority requested. *See* 49 C.F.R. § 1100.43–.52 (1981).

Quality's application was not limited to the luxury tours described in Frontier's statement, but it was nonetheless approved in full by the Commission's Review Board No. 1.[1] Amador and other carriers appealed the decision to the appellate division of the Commission which affirmed the Board decision. This petition for review followed. Quality has been granted leave to intervene in support of the Commission decision.

Amador first asserts as error the denial of its oral hearing request. It argues that where material facts are in dispute principles of administrative due process and fundamental fairness require that the Commission hold a hearing. As we shall discuss below, we agree that Amador has raised material questions concerning Quality's application. In our view it has not, however, shown that their resolution required an oral hearing or that its position could not be adequately presented in writing. There is no absolute right to a hearing before the Commission. *Crete Carrier Corp. v. United States*, 577 F.2d 49, 51 (8th Cir. 1978). The Commission in its discretion may deny an oral hearing even where material facts are disputed so long as the disputes may be adequately resolved by the written submissions. *See Bonney Motor Express, Inc. v. United States*, 640 F.2d 646, 650 (5th Cir. 1981). We hold that resort to the modified procedure under the facts of this case did not violate Amador's right to due process.[2]

Before granting a certificate the Commission must find that the applicant is "fit, willing, and able ... to provide the transportation to be authorized" and to comply with the Commission regulations, and that "the transportation to be provided under the certificate is or will be required by the present or future public convenience and necessity." 49 U.S.C. § 10922(a). In reviewing these findings, this court is limited to determining whether they are arbitrary, capricious, or unsupported by substantial

---

1. The Board's decision granted the following authority to Quality:

   To operate as a *common carrier* ... transporting *passengers and their baggage* ... in charter operations, beginning and ending in California and Nevada, and extending to points in the United States (including Alaska, but excluding Hawaii), restricted to transportation arranged by licensed passenger brokers.

2. We also note that Amador's argument that the Commission failed to comply with the terms of the National Environmental Policy Act of 1969 (NEPA), 42 U.S.C. §§ 4321–4335, is without merit. Amador simply has not shown that approval of Quality's application would "significantly affect[ ] the quality of the human environment." 42 U.S.C. § 4332(2)(C).

evidence. 5 U.S.C. § 706(2)(A), (E); *Bowman Transportation, Inc. v. Arkansas-Best Freight System, Inc.*, 419 U.S. 281, 284, 95 S.Ct. 438, 441, 42 L.Ed.2d 447 (1974).

■ In analyzing Quality's application, the Board decision noted that Frontier would use Quality on transcontinental intermodal tours of seven days or longer, that Quality would acquire new motor coaches featuring a galley and a comfortable 28-passenger seating configuration, that the proposed service was designed to attract the more affluent members of the public to Frontier's tour program, and that this type of service was not generally provided by other motor common carriers. The Board then made the following findings:

> The present and future public convenience and necessity require applicant's performing the service described in this appendix. [See footnote 1.] The performance will serve a useful public purpose responsive to a public demand or need. Applicant is fit, willing and able properly to perform the transportation to be authorized by its certificate and to comply with the statutory and administrative requirements.

In affirming the Board, the appellate division simply held: "The appeals are denied because the findings of Review Board No. 1 are in accordance with the evidence and the applicable law."

In our view these findings are not supported by the requisite substantial evidence. The only support for Quality's application is found in the application itself together with the statement of Frontier which is attached as an appendix; there is no indication of consumer support for the proposed service whatsoever. Moreover, there is absolutely no showing of public need for any authorization extending beyond the luxury tour service mentioned in Frontier's statement.

The Commission argues that its grant of nearly unlimited authority to Quality was in keeping with its current policy favoring broad certificates. It reasons that once a useful public purpose responsive to a public need has been shown (here the luxury tours, entering a largely untapped market) broad authority should be granted unless there is some rational basis for limiting the license (such as the fact that only limited authority was sought). We find the Commission's reasoning inconsistent with the requirement of 49 U.S.C. § 10922(a) that a license be granted only on a finding that "the transportation to be provided under the certificate is or will be required by the present or future public convenience and necessity." The Commission makes no suggestion why the public need here shown could not have been met by a license limited to the scope of the demonstrated need. If some valid reason exists under the facts of this case for the grant of a nearly unrestricted license, the decision fails to disclose it and no findings to that effect are made. We conclude that the Commission's issuance of a license extending significantly beyond Quality's showing of need was an abuse of discretion. *See Refrigerated Transport Co., Inc. v. ICC*, 663 F.2d 528, 530–31 (5th Cir. 1981); *Watkins Motor Lines, Inc. v. ICC*, 641 F.2d 1183, 1190–91 (5th Cir. 1981).

■ In other respects the decision fails to enable us to review the Commission action as fully as we would like. In the face of troublesome questions respecting public need and applicant fitness the Review Board made only conclusory findings of fact in language largely borrowed from the statute. Such findings are not enlightening to a reviewing tribunal. *See Argo-Collier Truck Lines Corp. v. United States*, 611 F.2d 149, 152 (6th Cir. 1979). It would be helpful to know: (1) that the Commission had considered the fact that the only evidence of public need or applicant fitness was the statement of the applicant's parent company, and on what basis the Commission was satisfied that this limited support outweighed the objections of the protesting carriers; (2) that the Commission had considered that the grant of a nearly unrestricted license to the wholly-owned subsidiary of a licensed passenger broker creates anticompetitive possibilities and could result in a net decrease in competition; and (3) what if any conclusions were reached respecting Frontier's relationship with a

carrier that petitioner asserts had operated illegally.

The decision of the Commission is vacated and the matter remanded for further proceedings.