**LODI TRUCK SERVICE, INC., et al., Petitioners,**

v.

**UNITED STATES of America and Interstate Commerce Commission, Respondents.**

No. 82–7308.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Jan. 14, 1983.

Decided April 13, 1983.

Poole, Circuit Judge, concurred in part and dissented in part and filed opinion.

Handler, Baker, Greene & Taylor, Ronald C. Chauvel, San Francisco, Cal., for petitioners.

Charles A. Stark, Washington, D.C., for respondents.

Before KENNEDY and POOLE, Circuit Judges, and JAMESON,* District Judge.

JAMESON, Senior District Judge:

Lodi Truck Service, Inc. and four other carriers (Lodi) seek to set aside a decision of the Interstate Commerce Commission granting Walt Wilson Trucking, Inc. (Wilson) authority to transport general commodities (with specific exemptions) (1) between ocean ports in California, Oregon, and Washington, and (2) between the ocean ports and inland locations in the same states. We affirm the decision of the Commission.

Wilson, supported by nine shippers, applied for authority to transport general commodities from, to, and between points in California, Oregon, and Washington. Following publication of the application in the Federal Register, six carriers,[1] including

---

* Honorable William J. Jameson, Senior United States District Judge, District of Montana, sitting by designation.

1. One of the original protestants later declared bankruptcy and is not a party to the petition for review.

Lodi Truck Service, Inc., filed protests and requested an oral hearing. A review board of the Commission denied an oral hearing and granted Wilson's application in part, authorizing service between ocean ports in the three states. Lodi appealed and again requested an oral hearing. The final decision of the Commission affirmed the Board's denial of an oral hearing, finding that no material facts were in dispute and that the record was sufficient to reach a decision. The Commission found that the evidence justified a certificate not only between ocean ports, but also between ocean ports and inland points. Further notice was published in the Federal Register to permit intervention by other interested parties. No additional parties sought to intervene.

Lodi contends that (1) the findings and conclusions that (a) the authorized service "will serve a useful public purpose, responsive to a public demand or need" and (b) the applicant is "fit, willing and able" to provide the authorized transportation, are arbitrary, capricious and unsupported by substantial evidence; (2) the Commission erred in not setting the application for an oral hearing; and (3) the Commission failed to make adequate findings and conclusions.

■ The Motor Carrier Act of 1980, Pub.L. No. 96–296, 94 Stat. 793, modified the traditional public convenience and necessity test to make it easier for motor carriers to obtain operating certificates. The Commission must still find, however, that the applicant is "fit, willing, and able to provide" the proposed service and that the transportation will serve a "useful public purpose, responsive to a public demand or need." 49 U.S.C. § 10922(b)(1). *Containerfreight Corp. v. United States,* 685 F.2d 329, 331 (9 Cir.1982). In reviewing the Commission's findings, this court is limited to determining whether they are "arbitrary, capricious, or unsupported by substantial

evidence." *Amador State Lines, Inc. v. United States,* 685 F.2d 333, 335–336 (9 Cir.1982). "Congress has entrusted the balancing of factors affecting the public interest neither to the ALJ nor to this court but to the Commission." *Containerfreight Transportation Co. v. ICC,* 651 F.2d 668, 671 (9 Cir.1981).

■ Lodi first argues that the authority granted was not supported by substantial evidence of public need and the Commission's decision was arbitrary and capricious. The need for service and the specific projections and routes detailed in the statements of the nine shippers provided substantial evidence that Wilson's operations would serve a useful public purpose. It is true that most of the statements related to shipments between ports and that many of the shippers expressed a need for transportation between designated California points. A few shippers did, however, specifically mention two inland points in California—Fresno and Bakersfield. Several other shippers claimed generally that freight would be moving to and from unspecified nonport points in the three states. The statements showing a need for service between California points were related to the transportation of freight moving in foreign commerce. After detailing the evidence of a number of supporting shippers, the Commission concluded that "the needs for service shown by these shippers require flexible service not only between ports in Washington, Oregon, and California, but also between those ports on the one hand, and, on the other inland points in those three States." We conclude that there was substantial evidence of public need to support the Commission's grant of authority.[2]

■ In questioning the Commission's finding that Wilson is fit to provide the authorized service, Lodi contends that Wilson lacked proper insurance and was in-

---

**2.** *Containerfreight Corp. v. United States,* 685 F.2d 329, is distinguishable. There only three shippers submitted statements and all related to a limited area. The court concluded that the evidence and findings of the Commission did not support a certificate of statewide geograph-

ic scope. 685 F.2d at 332. Here, however, the applicant established the need to serve a broad geographic area by showing the need at a representative number of points over a wide geographic area.

volved in an illegal lease agreement providing unauthorized interstate transportation. These contentions were expressly considered by the Commission. The Commission found, based on documentary evidence, that Wilson carried proper insurance and concluded that it was unnecessary to resolve the lease issue.[3] It is clear that the Commission found Wilson fit only after weighing Lodi's accusations against Wilson's promise of future compliance. It was a reasonable decision within the Commission's expertise and is supported by the evidence.[4]

▮ Lodi argues that the Commission erred in denying its request for an oral hearing. It is clear, however, that there is no absolute right to a hearing. "The Commission in its discretion may deny an oral hearing even where material facts are disputed so long as the disputes may be adequately resolved by written submissions." *Amador,* supra, 685 F.2d at 335.[5] The Commission could properly conclude that there were no material issues of fact which could not be resolved on the written record.

▮ Finally, Lodi argues that the Commission failed to articulate its findings and the underlying facts. The Administrative Procedure Act requires that the Commission's decisions include "findings and conclusions, and the reasons or basis therefor, on all the material issues of fact, law, or discretion presented on the record ...." 5 U.S.C. § 557(c)(3)(A). An agency is not required, however, to furnish detailed reasons for its decision. The decision must simply be "sufficiently clear so that a court is not required to speculate as to its basis." *O–J Transport Co. v. United States,* 536

F.2d 126, 130 (6 Cir.1976), *cert. denied,* 429 U.S. 960, 97 S.Ct. 386, 50 L.Ed.2d 328 (1976). See also *Minneapolis & St. Louis R. Co. v. United States,* 361 U.S. 173, 193–194, 80 S.Ct. 229, 241, 4 L.Ed.2d 223 (1959). A reviewing court shall "uphold a decision of less than ideal clarity if the agency's path may reasonably be discerned." *Bowman Transportation v. Arkansas-Best Freight System,* 419 U.S. 281, 286, 95 S.Ct. 438, 442, 42 L.Ed.2d 447 (1974), *reh. denied,* 420 U.S. 956, 95 S.Ct. 1340, 43 L.Ed.2d 433 (1975). The Commission's decision was adequate under these criteria.

We affirm the decision of the Commission.

POOLE, Circuit Judge, concurring in part and dissenting in part:

I agree that the decision of the Commission granting Wilson authority to transport general commodities between ocean ports in California, Oregon and Washington should be affirmed. I dissent, however, from that portion of the majority's decision affirming the grant of authority by the Commission which allows Wilson to transport goods between the ports and inland locations in the three states as well.

The Commission and the majority both overstate the evidence purporting to support an authorization to Wilson to provide transportation anywhere within the three-state area. The only nonport cities specifically named in the supporting shipper statements were Fresno and Bakersfield. And, contrary to the majority's assertion, Fresno and Bakersfield were mentioned by only one shipper, Trans-Pacific.[1] No inland

---

3. "Past violations of Commission rules and regulations are only one element to be considered in determining the applicant's present and future fitness for the requested certificate .... The ICC has the particular expertise to evaluate an applicant's fitness." *Crete Carrier Corp. v. United States,* 577 F.2d 49, 51 (8 Cir.1978).

4. *Containerfreight, supra,* is factually distinguishable. There the president of the company had been charged in a civil suit with fraud, misrepresentation and embezzlement. This court found that there was no indication in the

record that the Commission had engaged in any weighing of the evidence. 685 F.2d at 333.

5. Moreover, the Administrative Procedure Act expressly authorizes the Commission, when a party will not be prejudiced thereby, to "adopt procedures for the submission of all or part of the evidence in written form." 5 U.S.C. § 556(d).

1. Three of the eleven shipper statements originally offered in support of Lodi's application were actually submitted by Trans Pacific

cities in Oregon and Washington were specifically named at all. Only one other shipper, Norton, Lilly, made even a general claim that it would move freight to and possibly from Oregon and Washington.

These statements are not sufficient to support the broad authorization the Commission granted Wilson for statewide transportation in California, Oregon and Washington. In *Containerfreight Corp. v. United States,* 685 F.2d 329, 332 (9th Cir.1982), this court held that a grant of statewide authority needs support from at least a "representative number" of municipalities in the state. Although there was substantial evidence in this case of a need for service at widely dispersed points in the three states, the locations are all port cities, except for Fresno and Bakersfield. This showing of a need in port cities is not "representative" of a need for transportation services throughout the three states. In fact, it is a clear indication that the needs of shippers could have been served as well by a grant of authority for transportation between ports in California, Oregon and Washington only.

The majority fails effectively to distinguish *Containerfreight,* where only recently we held that the statements of three shippers supporting transportation service in Northern California did not justify a statewide grant of authority. Here, as in *Containerfreight,* the statements of the supporting shippers relate, with the exception of Trans Pacific, to a circumscribed and clearly defined area—West Coast port cities.

In addition, the evidence supporting Wilson's application concentrated on services shippers required between port cities. Since "[a]pplications have been denied to the extent that they exceed the demonstrated need for the proposed services," *Containerfreight,* 685 F.2d at 332, the Commission's decision to allow Wilson to transport commodities between port and inland locations in the three states should have been set aside.

Transportation Co., the shipping agent for the three. The Commission considered the evi-

dence of these three steamship lines as that of Trans Pacific.